**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000023
30-JUN-2025
07:40 AM
Dkt. 69 SO**

NO. CAAP-23-0000023

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI,

LUANA GOLDEN, Plaintiff-Appellant,
and JALYN GOLDEN, Plaintiff-Appellee,
v.
CRAIG Y. WATASE dba MARK DEVELOPMENT INC.,
Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-20-0000991)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Wadsworth and Guidry, JJ.)

Plaintiff-Appellant Luana Golden (**Luana**), self-represented, appeals from the Judgment entered in favor of Defendant-Appellee Craig Y. Watase dba Mark Development Inc. (**Watase**) on January 13, 2023, by the Circuit Court of the First Circuit (**Circuit Court**).[1]

On June 24, 2020, Luana and Plaintiff-Appellee Jalyn Golden (**Jalyn**) filed a self-represented complaint against Watase, alleging "demand for duty of care/culpable negligence/pain and suffering/emotional distress" arising out of alleged water leaks and mold in Luana's leased apartment. (Formatting altered.)

---

[1] The Honorable John M. Tonaki presided.

The complaint states that Watase is the registered agent for "Mark Development Inc."[2] and seeks damages from Watase, but does not otherwise mention Watase in the operative allegations. The Circuit Court granted Watase's July 19, 2022 motion for summary judgment (**MSJ**) as to all claims in the complaint.

On appeal, Golden appears to contend that the Circuit Court erred in granting Watase's MSJ.[3]

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Luana's contentions as follows, and affirm.

We review the Circuit Court's grant of summary judgment de novo, applying the following familiar standard:

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Ralston v. Yim, 129 Hawaiʻi 46, 55-56, 292 P.3d 1276, 1285-86

---

[2] Documents attached to the complaint identify Mark Development, Inc. (**MDI**) as the "Managing Agent" for the property.

[3] Luana's amended opening brief fails to comply in material respects with Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4) and (7). In particular, the brief does not contain a statement of the points of error and does not include supporting references to the record. The argument section is conclusory and difficult to discern. Nevertheless, we have "consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'" Morgan v. Planning Dep't, Cnty. of Kauai, 104 Hawaiʻi 173, 180-81, 86 P.3d 982, 989-90 (2004) (quoting O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994)). We thus address Luana's argument to the extent discernible.

(2013) (citation omitted).

We conclude that Watase satisfied his initial burden on summary judgment through the declarations and exhibits attached to the MSJ. See id. at 56, 292 P.3d at 1286. Watase's declaration stated that he was a shareholder, officer, director and the registered agent of MDI, a Hawaiʻi corporation, and attached a lease agreement for the subject apartment between "Landlord[,] Whitmore Circle Partners LP, the owner acting by and through its duly authorized Managing Agent, [MDI]," and "Tenant[,] Luana . . . ." Watase argued that "no action lies against [him]" in those capacities under relevant Hawaiʻi law.

Watase further argued in the MSJ that the complaint was barred by the doctrines of res judicata and collateral estoppel. He claimed that Luana and Jalyn had filed: (1) an April 9, 2020 complaint in the District Court of the First Circuit, asserting substantially similar allegations against him and MDI; and (2) a June 17, 2020 notice of dismissal of that complaint with prejudice. Copies of the district court complaint and the notice of dismissal with prejudice were attached to the declaration of counsel.

The burden then shifted to Luana and Jalyn, and they did not raise a genuine issue of material fact. See Ralston, 129 Hawaiʻi at 56-57, 292 P.3d at 1286-87 ("[W]hen the moving party satisfies its initial burden of production, . . . the burden shift[s] to the nonmoving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed

3

to general allegations, that present a genuine issue worthy of trial.") (citation omitted).  Indeed, though it appears Luana retained legal counsel to represent her, she and Jalyn did not file any opposition to the MSJ.  On this record, the Circuit Court did not err in granting the MSJ.

For these reasons, the Judgment entered in favor of Defendant-Appellee Craig Y. Watase dba Mark Development Inc. on January 13, 2023, by the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, June 30, 2025.

On the briefs:

Luana Golden,
Self-represented
Plaintiff-Appellant.

Keith A. Matsuoka,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge